THE RICHMOND & DANVILLE RAILROAD CO. *v.* CHILDRESS.

BLECKLEY, C. J.—On the established principles of trial by jury the verdict was warranted by the evidence both as to liability for the injury and amount of the damages.          *Judgment affirmed.*

November 10, 1890.

Railroads. Negligence. Damages. Verdict. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1890.

Childress, by his next friend, sued the railroad company for damages from a personal injury. The evidence

for the plaintiff tended to show the following : He was between eleven and twelve years old on June 4, 1887. On that day he started to Goodwin's Crossing, a place upon defendant's road where it's accommodation train was accustomed to stop to let off and take on passengers. He went to the union depot in Atlanta, and was told that said train was ready, and he got on the train and went inside the door, and was holding to the door when the engine came back and struck the baggage-car of the train with great violence, which caused the baggage-car to strike the car on which plaintiff was, and he was thrown across one of the seats in the car, striking his left side on the corner of the seat, and was thrown down in the car and remained on the floor about five minutes. There was no dispute as to the fact that the blow given the car was much more severe than was proper. Plaintiff about an hour afterwards, by another train, went to Goodwin's Crossing, which was about ten miles from Atlanta, to visit his grandfather, remaining in the depot until the other train left. He felt sore, and that night had a shortness of breath, like fainting spells. Most of the next day he was in bed. He was sore in his side and had a great deal of pain, and came back to Atlanta about the fourth day. On that day or the next, he went back to Goodwin's Crossing. He could not sleep at night; suffered a great deal of pain in his side and breast; had to be propped up to breathe. About the twelfth day after the accident, an abscess which had formed in his left lung, broke, and he was brought back to Atlanta. For a long time he suffered intensely ; the discharge from the abscess was enormous; his life was despaired of; he had to be constantly watched and supported in his coughing spells. He was confined to the bed and around the house four or five months. It was the next January before he went to school, but he could not stay

at school all the time, because he was not able.  During that period he had pain in his breast, and he suffers pain and inconvenience from it now.  The injury is permanent.  It has resulted in an affection of the heart which renders it necessary that he should be kept quiet, and which will prevent his engaging in any occupation requiring severe exertion ; so that it is probable his capacity to do any labor requiring much physical exertion has been lessened from one half to two thirds ; in fact, it would be quite unsafe for him to engage at all in such an occupation.  Before the injury he was a bright boy, strong and disposed to take part in active exercises.  Since, he has been dull, indisposed to engage in the sports usual to boys of his age, weakly, and has grown but very little, his weight only increasing from about seventy-five pounds before he was injured to eighty-two pounds at the time of the trial, which was about three years after the injury.  He had the measles in March, 1887, for about a week, an ordinary attack, and afterwards had a relapse with which he was troubled for about two weeks, but he was improving and gaining strength, and there was no indication of any serious physical trouble at the time he was injured.  After the relapse from the measles and before the time he was hurt on the train, he had been out of the house part of the time and about on the streets as other boys.  He had no pain in the breast before he was hurt, and did not have much cough with the measles at all.  He struck the car-seat just above his heart.  Did not faint but got up and walked out. He did not think at the time he was much hurt.  He had no trouble with his lungs or pleurisy when he had the relapse with the measles, and had no physician except his father, who is a physician.  When he was hurt, he was being taken to his grandfather's in the country to regain his strength, which he had not then

fully regained. He recovered from the relapse mentioned above, about the first week in April. He belonged to a long-lived family in which there was no predisposition to lung trouble, consumption, or anything of the kind. His father testified, among other things, that he thought plaintiff was permanently disabled to the extent of one half of his capacity; and another witness testified that his capacity to labor and earn money was lessened one half or two thirds. An abscess is more frequently the result of pneumonia or the relapse of measles than of a blow or physical injury, but it is not impossible or improbable that one would be caused from a blow or external violence. In the opinion of medical witnesses who examined plaintiff, the abscess in this case and its attendant results were caused by the injury he received on the train. There was external indication of the injury, a bruise right along plaintiff's ribs, etc. The plaintiff introduced mortality and annuity tables.

The evidence for the defendant tended to show that, on the afternoon of the injury, its hostler engineer had brought down the accommodation train and engine, together with another engine, to near the union depot, and had taken the other engine and put it on another track; that there was a flagman or train-hand connected with the accommodation train, who was on the train at the time it was backed down as above stated, and who was left on the train by the engineer; that this flagman, without authority, backed the accommodation train under the depot, started with the engine of the accommodation train across the crossing which ran by the depot, reversed the engine, ran it back under the depot and struck the cars, breaking down the platform of the baggage-car, and breaking the tank on the tender attached to the engine. The hostler had never seen this flagman try to run an engine before; he was not

on the engine the hostler was running, nor was he on the engine of the accommodation train until after the hostler had moved off with the engine he (the hostler) was on.  While plaintiff was waiting in the depot to take the other train, his father stated to a witness that the boy complained of his leg, that was all ; hurt his leg some way and got a pretty good shaking, or something like that.  A physician testified that in May, 1887, he was called to treat plaintiff; understood that he had the measles and a cough, and that there was a difficulty about his breathing, swelling in his left side. He examined the boy and found the swelling in his left side just above the stomach, and thinks that swelling was caused by an effusion of. *serum* inside the *pleura* cavity.  The boy looked very delicate then, and looks better now.  A few days after the accident, he saw the boy crossing the road in front of his grandfather's residence, with a basket, going to the orchard.  A few days after that, he was called in to see the boy who had a relapse; his cough and cold and difficulty of breathing seemed to be worse ; and the opinion of witness then and at the time of the trial was, that this relapse had not been caused by a fresh injury but was a continuation of that old trouble, or rather a relapse.  When he was called in, he examined the boy again and found no evidence of any physical injury of any kind, except from the disease.  He examined his chest and lungs, and there were no bruises or any discoloration to show that he had been struck anywhere.  This was about a week before the boy got so bad off.  He did not complain about the collision to witness, or about being hurt, though his father said he was hurt.  Witness was treating him for a continuation of his old trouble, the shortness of breath ; had noticed there was that symptom before this accident; had him propped up in bed in May on account of it, etc.  Much medical testimony

was introduced for defendant, some of it being the testimony of physicians who had made an examination of the boy ; and that evidence tended to show that he was suffering from no heart trouble; that he had never had an abscess ; that there was no external evidence of his having received the injury ; that he had some slight difficulty in breathing, which was probably the result of an attack of pleurisy or successive attacks, which had caused a thickening of the *pleura* on the outer surface of the lower portion of the left lung ; that this pleurisy may have been the result of some disease, such as *pneumonia* or measles; and that it was extremely improbable, if not impossible, that an abscess such as it was alleged this boy had suffered from, could be caused by a blow or an external injury, unless it had been attended by some fracture of the ribs, although it was possible that if there had been previous inflammation a blow might have aggravated it, etc.

The jury found for the plaintiff $5,000. The defendant moved for a new trial upon the grounds that the verdict was contrary to law and evidence, and excessive. The motion was overruled, and defendant excepted.

JACKSON & JACKSON, for plaintiff in error.
C. T. LADSON and J. T. GLENN, *contra.*